UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS YORIS,

    Plaintiff,

v.                                                  CASE NO: 8:08-cv-01202-17EAJ

MARK OBER, as State Attorney for the
Thirteenth Judicial Circuit, in and for
Hillsborough County; STEPHEN HOGUE,
as Chief of Police for the City of Tampa; and
BILL McCOLLUM, as Attorney General of
Florida,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

The Court has for its consideration the pro se prisoner Plaintiff's Civil Rights Complaint filed against the Defendants pursuant to 42 U.S.C. § 1983. The Defendants have filed Motions To Dismiss the Complaint (Doc. 10, 13, 16) and the Plaintiff filed a Response to the Motions To Dismiss (Doc. 26). A review of the record demonstrates that the Defendants' Motions To Dismiss must be **GRANTED**.

## PROCEDURAL HISTORY

In 1988, Plaintiff Yoris was tried and convicted of murder in the Thirteenth Judicial Circuit, Hillsborough County, Florida. The state trial court sentenced him to life in prison. The Second District Court of Appeal affirmed the conviction and sentence. The Plaintiff did not file a petition for Writ of Certiorari in the United States Supreme Court.

1

In 1999, the United States District Court for the Middle District of Florida denied Yoris' petition for Writ of Habeas Corpus. (Case No. 8: 95-2120-24). The United States Court of Appeals for the Eleventh Circuit affirmed the denial. (Case. No. 99-11495-A). Again, the Plaintiff did not file a petition for Writ of Certiorari in the United States Supreme Court.

Subsequently, Yoris filed, in the Thirteenth Judicial Circuit, a motion seeking access to biological evidence in order to perform STR DNA and mtDNA testing. (See Doc. 17, p. 2). In May 2006, the state trial court denied his motion. The Second District Court of Appeal affirmed the denial. Yoris then filed the present Complaint in this court.

## PRESENT COMPLAINT

In his Complaint, Yoris alleges six claims for relief: 1) violation of due process; 2) actual innocence; 3) cruel and unusual punishment; 4) violation of the right to access to courts and equal protection of the laws; 5) denial of access to clemency; and 6) violation confrontation and compulsory process. He seeks an injunction directing the release of all evidence containing biological evidence for DNA testing to Dr. Edward Blake at Forensic Science Associates in Richmond, CA, and/or to Dr. Terry Melton at Mitotyping Technologies in State College, PA. (Doc. 1, p. 14).

## MOTION TO DISMISS STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint must be viewed in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The rules of

2

pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

Generally, the rules of pleading do "not require heightened specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. In addition, pro se motions are to be construed liberally. Douglas v. Yates, 535 F.3d 1316, 1320 (11th Cir. 2008). Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Twombly, 127 S.Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Id. at 1965 (citations removed).

Twombly applies to §1983 prisoner actions. Douglas, 535 F.3d. The Eleventh Circuit "understand[s] Twombly as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez v. First Union Nat'l Bank, 129 F.3d 1186, 1189 (quoting Conley, 355 U.S. at 45-46). On a motion to dismiss, consideration is limited to the

3

pleadings and exhibits attached thereto. GSW, Inc. v. Long County, GA, 999 F.2d 1508, 1510 (11th Cir. 1993).

## ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman Doctrine limits the subject-matter jurisdiction federal courts have over state court decisions. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Federal courts, other than the United States Supreme Court, do not have the authority to review the final decisions of state courts. See, D.C. Ct. of App. v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-26 (1923). Furthermore, "[t]he doctrine extends not only to the constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment." Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000). A claim is "inextricably intertwined" if it succeeds only if the state court decisions was wrong. Id. The Eleventh Circuit has stated that the concern is the issues presented in the case, rather than the relief sought. Goodman, 259 F.3d at 1333. The Rooker-Feldman Doctrine bars "all federal claims which were, or should have been, central to the state court decision, even if those claims seek a form of relief that might not have been available in state court." Id. It is permissible to consider another court's filings and orders to recognize the "judicial act" that the order represents, or the subject matter of the litigation. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

# DISCUSSION

## I. Failure To State A Constitutional Claim

### A. Due Process

The Plaintiff claims that he has been deprived of due process under the Fourteenth Amendment. (Doc. 1). The Plaintiff's Complaint does not survive the Motions to Dismiss on Fourteenth Amendment grounds. The Eleventh Circuit held in Grayson v. King, 460 F.3d 1328 (11th Cir. 2006), that, except for "exceptional circumstances," a criminal defendant, such as the Plaintiff, has no post-conviction right to DNA evidence. See, Brady v. Maryland, 373 U.S. 83 (1963).

Brady is concerned with material exculpatory evidence necessary to ensure a fair trial. Brady, 373 U.S. Similar to the plaintiff in Grayson, Yoris was not denied access to the DNA evidence prior to or during his trial. He was fairly adjudicated guilty. See, Grayson, 460 F.3d at 1338. There is not a reasonable probability that the DNA evidence would have produced a different result at trial. The Plaintiff was convicted on circumstantial evidence, and it was never implied that he was the only assailant. DNA evidence could only possibly prove that he did not participate in certain parts of the murder. The DNA evidence is not "material, exculpatory evidence necessary to ensure a fair trial." Id. at 1340.

Thus, the Plaintiff has no due process claim, as he was not deprived of any federally protected right. Although a substantial difference between this case and Grayson is that the Plaintiff maintains his innocence, in an unpublished case with remarkably similar circumstances, the Eleventh Circuit found that proclaiming innocence

does not create a right when there is no reasonable probably of a different result, as in this case. Thompson v. McCollum, 235 Fed.Appx. 11, 14-15 (11th Cir. 2007).

## B. Actual Innocence

The Plaintiff asserts that the Defendants have denied him an opportunity to show his actual innocence. (Doc. 1, p. 11-12). Actual innocence is not an independent constitutional claim: rather it is a hook a petitioner can use to have other independent constitutional claims considered on the merits. See, Herrera v. Collins, 506 U.S. 390, 416-17 (1993). Because the Plaintiff cannot show his actual innocence, he has no independent constitutional claim.

## C. Cruel and Unusual Punishment

The Plaintiff claims that he is being imprisoned in violation of the Eighth Amendment, which prohibits cruel and unusual punishment, because the Defendants are denying him access to the biological evidence. (Doc. 1, p. 12). The Plaintiff is incarcerated pursuant to a valid and fair adjudication of his guilt, which was affirmed on direct appeal and by the denial of his Habeas Corpus petition. Presumed innocence disappears after trial. Herrera, 506 U.S. at 399-400. Thus, the Plaintiff has no claim under the Eighth Amendment Cruel and Unusual Punishment Clause.

## D. Right of Access to Courts and Equal Protection

The Plaintiff contends that he has been denied access to the courts and to equal protection of the law. (Doc. 1, p. 12). To make a claim for denial of access to the courts, the Plaintiff must demonstrate actual injury by showing that his efforts to pursue his legal claims were hindered. Lewis v. Casey, 518 U.S. 343, 348-51 (1996). The denial of access to courts depends on the Plaintiff's having a colorable underlying claim, such as not

being able to file a case. Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006). The Plaintiff has already fully litigated his case in state court and has no underlying constitutional claims. In addition, the Plaintiff is not a member of a protected class nor has he been treated differently from others who are similarly situated. Thus, he has not been denied access to the courts or to equal protection of the laws.

### E. Clemency

Although the Plaintiff asserts that he has been deprived of the right to seek executive clemency, (Doc. 1, p. 13), he has not explained why the denial of access to the biological evidence forecloses the presentation of his case for clemency. This fact is especially true given that the DNA evidence would likely not prove the Plaintiff's innocence. See, Grayson, 460 F.3d.

### F. Confrontation and Compulsory Process

The Plaintiff alleges that he has been deprived of the right of confrontation and compulsory process because he has been denied access to the biological evidence. (Doc. 1, p. 13). The right to evidence is limited to that which might influence a guilt or innocence determination. See, Pa. v. Ritchie, 480 U.S. 39 (1987). As discussed above, it is unlikely that the biological evidence would have an impact on the guilty verdict. Therefore, the Defendants have not violated the Plaintiff's right to confrontation or compulsory process.

## II. Rooker-Feldman Doctrine

Furthermore, this court has no subject-matter jurisdiction pursuant to the Rooker-Feldman Doctrine. This court takes judicial notice of the progress docket of the Thirteenth Judicial Circuit in case 88-CF-005772 and the Second District Court of

7

Appeal decision in case 2D06-2723. These documents demonstrate that the Plaintiff filed a Motion for DNA in state court on February 22, 2005. The state trial court denied this motion on May 18, 2006 after the state responded. The Second District Court of Appeal affirmed the denial. The mandate issued on January 24, 2007. Thus, the final decision of the state court denied the Plaintiff the same DNA evidence he requests in his Complaint. (Doc. 1). In order to find that the Defendants violated the Plaintiff's federal constitutional rights by denying access to the DNA evidence, this court would have to find that the state court decision denying the Plaintiff access to the DNA evidence was incorrect. Pursuant to the Rooker-Feldman Doctrine, as applied by the Eleventh Circuit in <u>Siegel v. LePore</u>, 234 F.3d at 1172, the Plaintiff's federal constitutional claims are "inextricably intertwined" with the final state court decision. Therefore, this court does not have subject-matter jurisdiction to entertain Plaintiff's Complaint.

## CONCLUSION

The Court has thoroughly reviewed all documents submitted for consideration on this matter, and for the reasons set forth above, it is

**ORDERED** that the Defendants' Motions To Dismiss (Doc. 10, Doc. 13, Doc. 17) are **GRANTED**[1]. The clerk is directed to enter judgment for the Defendants and to close this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 30th day of January, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsels of Record

---

[1] The Plaintiff agreed in his Response that the claims against Defendant McCollum should be dismissed. (Doc. 26).